1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    LONNIE WILLIAMS,

11              Plaintiff,                    No. 2:12-cv-2657 AC P

12         vs.

13    P. RODRIGUEZ,

14              Defendant.                    <u>ORDER</u>

15    _____/

16              Petitioner is a state prisoner proceeding pro se in this action.  Petitioner has

17    consented to the jurisdiction of the undersigned (ECF No. 5).

18              The action was opened on October 25, 2012, when plaintiff filed with the court a

19    "Petition for Writ of Habeas Corpus."  ECF No. 1.  Plaintiff appears to seek review of the

20    magistrate and district judges' decisions on her motions to change venue and for reconsideration

21    in another, pending action filed pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Williams v. Rodriguez</u>, Case

22    No. 1:09-cv-1882 LJO GSA P (the "2009 Action"), ECF Nos. 33, 40, 49, 52, 53.  The instant

23    action was opened by the Clerk's Office of the United States District Court as a new complaint

24    for relief under 42 U.S.C. § 1983.

25              In her petition/complaint, petitioner argues that the magistrate judge presiding

26    over the 2009 Action incorrectly denied her motion to change venue.  Petitioner, who at the time

                                              1

was housed at a prison in the Southern District of California, sought to change venue in the 2009 Action in order to prevent her transfer to the Eastern District when she was out-to-court.  See Case No. 1:09-cv-1882, ECF No. 33 at 2.  Plaintiff, who is HIV-positive, alleged that she could not be housed in the Eastern District for health reasons.  Id.

After the magistrate judge in the 2009 Action denied plaintiff's motion to change venue, plaintiff attempted to appeal the denial to the Court of Appeals.  See Case No. 1:09-cv-1882, ECF No. 42.  The Court of Appeals dismissed the appeal, as the order denying plaintiff's venue motion was not final.  See Case No. 1:09-cv-1882, ECF No. 45.  Plaintiff, who by this time had been transferred to California State Prison - Sacramento ("CSP-Sac"), moved again to change venue from the Fresno Division of the Eastern District to the Sacramento Division.  See Case No. 1:09-cv-1882, ECF No. 49.  Plaintiff's second motion for venue change was denied by the magistrate judge on September 12, 2012.  See Case No. 1:09-cv-1882, ECF No. 52.  On September 24, 2012, plaintiff moved for reconsideration.  See Case No. 1:09-cv-1882, ECF No. 53.  Also on September 24, 2012, plaintiff filed a notice of appeal of the magistrate judge's September 12, 2012 order.  See Case No. 1:09-cv-1882, ECF No. 54.

On September 26, 2012, the district judge denied plaintiff's motion for reconsideration.  See Case No. 1:09-cv-1882, ECF No. 57.  The court's September 26, 2012 denial order further reads that "[n]o other motions for reconsideration of the Court's order denying Plaintiff's motion for change of venue shall be considered by the Court."  Id. at 2.

The current petition/complaint was filed on October 25, 2012.  Plaintiff alleges that the magistrate judge presiding over the 2009 Action "committed clear error by denying the motion for venue change and the motion for reconsideration by not allowing the District Judge. . . . [to] rule on either motion deliberately in order to keep the petitioner from appealing and seeking review from the 9th Circuit Court of Appeal."  See ECF No. 1 at 3.

The undersigned notes that this instant action was initiated with a form "Petition for Writ of Habeas Corpus," for relief under 28 U.S.C. § 2254, which the clerk filed as a

complaint for relief under 42 U.S.C. § 1983.  The court finds that the distinction is immaterial in this case, as plaintiff is not entitled to relief under either statute.  This court lacks subject-matter jurisdiction to review plaintiff's claims against the magistrate judge presiding over the 2009 Action.

To the extent plaintiff seeks relief under 28 U.S.C. § 2254, the action must be dismissed.  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules") provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution...."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality of duration" of his confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973).

In this case, petitioner's claims do not implicate the fact or duration of her confinement, and she does not challenge her conviction or sentence.  Instead, she argues that a prior decision of the court was incorrect, claims over which the instant court has no subject-matter jurisdiction, and which are appropriately raised with the Court of Appeals for the Ninth Circuit.  Petitioner's instant claims are currently not cognizable grounds for federal habeas relief and must be dismissed.

To the extent plaintiff seeks relief under 42 U.S.C. § 1983, the complaint must also be dismissed, because this court lacks subject matter jurisdiction to review the decision of another magistrate or district court judge.  See 28 U.S.C. § 1915A(b).  Again, the appropriate forum for plaintiff's claims is the court charged with reviewing authority over this district court,

the Court of Appeals for the Ninth Circuit.[1]

    In accordance with the above, IT IS HEREBY ORDERED that

    1.  The complaint is summarily dismissed, pursuant to 28 U.S.C. § 1915A(b) and Habeas Rule 4; and

    2.  The Clerk is directed to close this case.

DATED: February 12, 2013.

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/will2657.ord

---

[1]  The court will accordingly not reach the question whether plaintiff should be barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(j).  See, e.g., Williams v. Brennan, Case No. 2:12-cv-2155 KJM AC P, ECF No. 16 (recommending that plaintiff's motion to proceed in forma pauperis be denied under Three Strikes Rule).  The court also does not reach the question whether the magistrate judge in the 2009 Action is immune from a suit for damages based on his rulings.