1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   LONNIE WILLIAMS,

11            Plaintiff,                           No. 2:12-cv-2657 AC P

12       vs.

13   P. RODRIGUEZ,

14            Defendant.                           <u>ORDER</u>

15   _____/

16            Petitioner is a state prisoner proceeding pro se in this action.  Petitioner has

17   consented to the jurisdiction of the undersigned (ECF No. 5).

18            The action was opened on October 25, 2012, when plaintiff filed with the court a

19   "Petition for Writ of Habeas Corpus."  ECF No. 1.  Plaintiff appears to seek review of the

20   magistrate and district judges' decisions on her motions to change venue and for reconsideration

21   in another, pending action filed pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Williams v. Rodriguez</u>, Case

22   No. 1:09-cv-1882 LJO GSA P (the "2009 Action"), ECF Nos. 33, 40, 49, 52, 53.  The instant

23   action was opened by the Clerk's Office of the United States District Court as a new complaint

24   for relief under 42 U.S.C. § 1983.

25            In her petition/complaint, petitioner argues that the magistrate judge presiding

26   over the 2009 Action incorrectly denied her motion to change venue.  Petitioner, who at the time

                                                  1

1   was housed at a prison in the Southern District of California, sought to change venue in the 2009

2   Action in order to prevent her transfer to the Eastern District when she was out-to-court.  See

3   Case No. 1:09-cv-1882, ECF No. 33 at 2.  Plaintiff, who is HIV-positive, alleged that she could

4   not be housed in the Eastern District for health reasons.  Id.

5           After the magistrate judge in the 2009 Action denied plaintiff's motion to change

6   venue, plaintiff attempted to appeal the denial to the Court of Appeals.  See Case No. 1:09-cv-

7   1882, ECF No. 42.  The Court of Appeals dismissed the appeal, as the order denying plaintiff's

8   venue motion was not final.  See Case No. 1:09-cv-1882, ECF No. 45.   Plaintiff, who by this

9   time had been transferred to California State Prison - Sacramento ("CSP-Sac"), moved again to

10  change venue from the Fresno Division of the Eastern District to the Sacramento Division.  See

11  Case No. 1:09-cv-1882, ECF No. 49.  Plaintiff's second motion for venue change was denied by

12  the magistrate judge on September 12, 2012.  See Case No. 1:09-cv-1882, ECF No. 52.  On

13  September 24, 2012, plaintiff moved for reconsideration.  See Case No. 1:09-cv-1882, ECF No.

14  53.  Also on September 24, 2012, plaintiff filed a notice of appeal of the magistrate judge's

15  September 12, 2012 order.  See Case No. 1:09-cv-1882, ECF No. 54.

16          On September 26, 2012, the district judge denied plaintiff's motion for

17  reconsideration.  See Case No. 1:09-cv-1882, ECF No. 57.  The court's September 26, 2012

18  denial order further reads that "[n]o other motions for reconsideration of the Court's order

19  denying Plaintiff's motion for change of venue shall be considered by the Court."  Id. at 2.

20          The current petition/complaint was filed on October 25, 2012.  Plaintiff alleges

21  that the magistrate judge presiding over the 2009 Action "committed clear error by denying the

22  motion for venue change and the motion for reconsideration by not allowing the District Judge. .

23  . . [to] rule on either motion deliberately in order to keep the petitioner from appealing and

24  seeking review from the 9th Circuit Court of Appeal."  See ECF No. 1 at 3.

25          The undersigned notes that this instant action was initiated with a form "Petition

26  for Writ of Habeas Corpus," for relief under 28 U.S.C. § 2254, which the clerk filed as a

2

1   complaint for relief under 42 U.S.C. § 1983.  The court finds that the distinction is immaterial in

2   this case, as plaintiff is not entitled to relief under either statute.  This court lacks subject-matter

3   jurisdiction to review plaintiff's claims against the magistrate judge presiding over the 2009

4   Action.

5               To the extent plaintiff seeks relief under 28 U.S.C. § 2254, the action must be

6   dismissed.  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas

7   Rules") provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face

8   of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

9   district court."  In the instant case, it is plain from the petition and appended exhibits that

10   petitioner is not entitled to federal habeas relief.

11               A federal court may only grant a petition for writ of habeas corpus if the

12   petitioner can show that "he is in custody in violation of the Constitution...."  28 U.S.C. §

13   2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

14   of duration" of his confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting

15   Preiser v. Rodriguez, 411 U.S. 475, 485 (1973).

16               In this case, petitioner's claims do not implicate the fact or duration of her

17   confinement, and she does not challenge her conviction or sentence.  Instead, she argues that a

18   prior decision of the court was incorrect, claims over which the instant court has no subject-

19   matter jurisdiction, and which are appropriately raised with the Court of Appeals for the Ninth

20   Circuit.  Petitioner's instant claims are currently not cognizable grounds for federal habeas relief

21   and must be dismissed.

22               To the extent plaintiff seeks relief under 42 U.S.C. § 1983, the complaint must

23   also be dismissed, because this court lacks subject matter jurisdiction to review the decision of

24   another magistrate or district court judge.  See 28 U.S.C. § 1915A(b).  Again, the appropriate

25   forum for plaintiff's claims is the court charged with reviewing authority over this district court,

26

1    the Court of Appeals for the Ninth Circuit.[1]

2            In accordance with the above, IT IS HEREBY ORDERED that

3            1.  The complaint is summarily dismissed, pursuant to 28 U.S.C. § 1915A(b) and

4    Habeas Rule 4; and

5            2.  The Clerk is directed to close this case.

6    DATED: February 12, 2013.

7

8                                        ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE

9

10

11   AC:rb/will2657.ord

12

13

14

15

16

17

18

19

20

21

22

23

24   [1]  The court will accordingly not reach the question whether plaintiff should be barred
     from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(j).  See, e.g., Williams v.
25   Brennan, Case No. 2:12-cv-2155 KJM AC P, ECF No. 16 (recommending that plaintiff's motion
     to proceed in forma pauperis be denied under Three Strikes Rule).  The court also does not reach
26   the question whether the magistrate judge in the 2009 Action is immune from a suit for damages
     based on his rulings.